## JOHN H. POTTER vs. BENJAMIN F. GREENE.

A paragraph in a newspaper, which states that a certain person is a member of a certain partnership, but does not purport to be inserted by the partnership, is not admissible to charge him as such, merely on proof that he was a subscriber to the paper at that time, and never requested the editor to deny any such statement.

ACTION OF CONTRACT, in which the plaintiff sought to charge the defendant as one of the partners in a company that had undertaken to run the Sagamore Mill at Portsmouth, N. H., or as having held himself out as a copartner therein.

At the trial in this court, the plaintiff, for the purpose of showing that the defendant had held himself out as such copartner, called the editor of a newspaper published weekly at Pawtucket, who testified that Greene was a subscriber thereto on the 30th of September 1853, and that it was usually left at his house. The plaintiff offered to read from the paper of that date the following article :

" A company of gentlemen have purchased the valuable property of the Sagamore Thread Company at Portsmouth, N. H., and will immediately put the machinery into operation. B. F. Greene, Esq., of Central Falls, is one of the new company, and is to have charge of the manufactory. We have no doubt that under the superintendence of a gentleman of Mr. G.'s experience, the present high standing of the Sagamore thread will be fully sustained."

The plaintiff also offered to show that the defendant had never requested the witness to publish any denial of the statements in said paper. But he did not offer to show that the defendant in any way authorized the article, or that the particular paper or article was left at the defendant's house, or that he ever had any knowledge thereof, in any other way than might be inferred from the facts aforesaid.

To this evidence the defendant objected, and *Dewey,* J. excluded it, and, after a verdict for the defendant, reported the case to the full court.

*C. B. Farnsworth,* for the plaintiff, cited Collyer on Part. §§ 86,

97, 775; *Hicks* v. *Cram,* 17 Verm. 449; *Goode* v. *Harrison,* 5 B. & Ald. 147; *M'Pherson* v. *Rathbone,* 11 Wend. 96.

*E. H. Bennett,* for the defendant, cited *Commonwealth* v. *Kenney,* 12 Met. 235; *Commonwealth* v. *Eastman,* 1 Cush. 189.

METCALF, J.   The cases to which we have been referred by the plaintiff's counsel do not support the position to which they vere cited.   They do not tend to show that, upon the evidence given at the trial, the defendant held himself out as a partner in the Sagamore Thread Company.   The phrase, " holding one's self out as a partner " imports at least the voluntary act of the party so holding himself out, or the act of others by his authority or permission.   It implies the lending of his name to the partnership, and is altogether incompatible with the want of knowledge that his name has been so used.   If he knows that his name is so used, though without his consent, his acquiescence may be inferred, if he do not publicly disclaim the connection.   *Fox* v. *Clifton,* 6 Bing. 794, 795. · Cary on Part. 19. In the case before us, it does not appear that the defendant ever was an actual member of the Thread Company, or ever held himself out as such, or ever knew that his name had been used as such.   Whether he ever saw the newspaper paragraph is both uncertain and immaterial.   If he saw it, we are of opinion that he was under no obligation, legal or moral, to give it a public contradiction.   It might have been otherwise, if there had been an advertisement in the newspaper, purporting to have been inserted by the company, and representing that the defendant was one of its members.                    *Exceptions overruled.*